UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Richard R. Rondeno, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-11-4028 |
| ISLAND OASIS, et al., | § § | |
| Defendants. | § | |

## Opinion on Dismissal

1. Richard R. Rondeno first sued the defendants in Louisiana in May of 2008 for injuries he suffered in May of 2005. His claims arose from his work as a longshoreman unloading cargo from a ship moored at port. He sued under the Longshore and Harbor Workers' Compensation Act. In October of 2011, the case was dismissed without prejudice on his motion.

2. In November, he refiled the same suit in this court without a lawyer, based on the same injuries at the same location while doing the same work. The only change was that he now says he was a seaman and mentions the Jones Act. He still describes only a transaction where he worked as a longshoreman hired by a stevedore. No fact suggests that he was a member of the ship's crew.

3. He may recover only as a longshoreman and only if he sues within a year of his injury.[1] When he sued in 2008, his suit was late. His suit here is even later.

4. He has filed two suits, with three complaints. The earlier case lasted more than three years, with an answer from one defendant and a motion for intervention by his

---

[1] 33 U.S.C. § 913 (2006).

lawyer. Since his claims are clearly barred, it is not reasonable to wait for him to serve the stevedore, the ship, three Japanese companies, and a Panamanian company. Serving the foreign companies through the Hague Convention will be a waste of time and money.

5. Richard R. Rondeno's claims against ISLAND OASIS, NYK Global Bulk Corporation, Toshin Kisen Co., Ltd., Keishin Kaiun Co., Ltd., Ever Bright Shipping SA, and P&O Ports Louisiana, Inc., will be dismissed with prejudice because they are illegally late.

Signed on December 30, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge