| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Richard R. Rondeno, §
§
     Plaintiff, §
§
versus §     Civil Action H-11-4028
§
ISLAND OASIS, et al., §
§
     Defendants. §

# Opinion on Reconsideration

1.    *Introduction.*

A longshoreman sued his employer and a ship for negligence. The court dismissed his claims as untimely. He says that limitations were suspended when his original suit was dismissed for lack of jurisdiction. His motion for reconsideration will be denied because his claims were untimely.

2.    *Background.*

In May of 2005, Richard R. Rondeno was injured while unloading cargo from the ISLAND OASIS. In 2005, he filed a claim against his employer, P&O Ports Louisiana, Inc., under the Longshore and Harbor Workers' Compensation Act. In May of 2008, he sued the ship and several companies in federal court in Louisiana, claiming negligence.[1]

He says that at some time after October of 2007 he asked the hearing officer in the Department of Labor to dismiss the claim against his employer without prejudice. He says that the agency did not have jurisdiction and that he wanted to bring the claims against his employer and against the ship together in the correct venue with jurisdiction: federal court.

He never added Ports Louisiana as a party to his suit against the ship. In May of 2009,

---

[1] 33 U.S.C. § 905(b) (2012).

he replaced his original lawyers, whom he would later sue for malpractice. In May of 2011, he fired the second set of lawyers. In August, the original lawyers – facing the malpractice suit – intervened in the case to argue against a defendant's motion to dismiss.

In September, Rondeno – representing himself – moved to transfer the case to an unspecified court or to dismiss the case without prejudice. He said that the federal court lacked jurisdiction and that Louisiana was the incorrect venue. The judge noted that he saw no jurisdictional or venue problems and warned Rondeno that he proceeded at his own risk. The judge dismissed the case without prejudice.

In November, he sued Ports Louisiana, the ship, and the companies in this court for negligence under the Jones Act. He says that the statute of limitations was suspended because his case in Louisiana was dismissed for lack of jurisdiction. In December, this court dismissed his case as untimely. He has moved for reconsideration.

3.  *Longshoreman.*

He sued the port in this court as a seaman under the Jones Act. Because he was a longshoreman, he may only recover against his employer as one and only if he pursues his claims within a year of the injury.[2] He may have filed his claims within limitations in 2005, but he later withdrew them voluntarily. Limitations have now run and his claims against Ports Louisiana are barred as untimely.

4.  *Negligence.*

In his complaint, he says that he is suing as a seaman under the Jones Act. He now says that he is suing the ship for negligence under the Longshore Act. In either case, he argues that the three-year statute of limitations from the Jones Act applies.[3] He says that because his suit in Louisiana was timely and was dismissed for lack of jurisdiction, his suit here should be considered timely under the Texas savings statute.[4]

Because he was a longshoreman and not a seaman, the court is not convinced that the

---

[2] 33 U.S.C. § 905(a) (2012); 33 U.S.C. § 913 (2012).

[3] 33 U.S.C. § 905(b) (2012); 46 U.S.C. § 30106 (2012).

[4] Tex. Civ. Prac. & Rem. Code Ann. § 16.064 (West 2011).

Jones Act applies. Since his original case was brought more than a year after the injury and this suit was brought even later, he did not meet the Longshore Act's one-year limit.

Even if the three-year limitations were to apply, he may not suspend its running by the dismissal in September. His motion to dismiss in Louisiana described no facts why jurisdiction was improper, and the dismissal was not because of jurisdictional infirmities. It was a voluntary non-suit at Rondeno's request. The savings statute does not apply to a voluntary dismissal. When he initiated his suit here, more than three years had passed since his injury. His claims are untimely under either statute of limitations.

5. Conclusion.

Richard R. Rondeno's suit for injuries he suffered in 2005 is untimely. His claims against ISLAND OASIS, NYK Global Bulk Corporation, Toshin Kisen Co., Ltd., Keishin Kaiun Co., Ltd., Ever Bright Shipping SA, and P&O Ports Louisiana, Inc., will be dismissed with prejudice because they are illegally late.

Signed on January 20, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge